UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>DOES 1-2,<br><br>        Defendants. | CIVIL ACTION No.:<br><br>05-10159 NG |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Jonathan Whitehead, and the authorities cited in the supporting memorandum of law, hereby move this Court for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs record companies filed this action for copyright infringement against two Doe Defendants. In order to obtain the identities of the Doe Defendants, Plaintiffs

require immediate discovery on a third party Internet Service Provider ("ISP") before the identifying information is destroyed in the ordinary course of business by the ISP.

2. As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs move this Court to issue an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Respectfully submitted,

DATED: _____    By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax: (617) 832-7000

ATTORNEYS FOR PLAINTIFFS

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS    2005 JAN 27  P 1: 5:

EASTERN DIVISION    U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-2,<br><br>Defendants. | CIVIL ACTION No.:<br><br>05cv10159 NG |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Harvard University - Longwood to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated:_____        _____
                             United States District Judge